**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT R. WEBSTER, JR.,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, et al.,

Defendants.

No. 6:26-CV-0733
(GTS/PJE)

---

**APPEARANCES:**

ROBERT R. WEBSTER, JR
5370 State Route 233, Apt. 10
Rome, New York 13440
Plaintiff pro se

**PAUL J. EVANGELISTA**
**UNITED STATES MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

### I. In Forma Pauperis

Plaintiff pro se Robert R. Webster, Jr. ("plaintiff")[2], commenced this action on April 16, 2026, by filing a complaint. *See* Dkt. No. 1. In lieu of paying this Court's filing fee,

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

[2] The undersigned notes that plaintiff has filed four other actions, while seeking to proceed in forma pauperis, in the Northern District of New York. *See Webster v. Stewart*, No. 6:21-CV-01141 (DNH/ATB) (claims arising out of 911 calls to Oneida County Sheriff dismissed as frivolous and for failure to state a claim for relief; state law claims dismissed for lack of subject matter jurisdiction); *Webster v. Stewart*, No. 6:26-CV-01236 (AJB/CBF) (plaintiff filed another action on the same grounds as that previously mentioned against the same parties arising out of the same transactions; Judge Freedman recommended dismissal of the complaint and a ruling on this recommendation is pending); *Webster v. Walmart*, No. 6:26-CV-01307 (ECC/CBF) (Section 1983 action brought against Walmart, M&T Bank, and United Healthcare; Judge Freedman recommended dismissal for lack of subject matter jurisdiction and a ruling on this recommendation is pending); *Webster v. NYS Troopers*, 6:26-cv-1347 (BKS/DJS) (Section 1983 action brought against NYS Troopers, the U.S. Post Officer, George Bush, Sr., George Bush, Jr., "Berach" Obama, Joseph Biden, and Donald Trump for unclear reasons; Judge Stewart recommended

plaintiff submitted an application for leave to proceed in forma pauperis ("IFP").[3] *See* Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[4] The undersigned must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915; 1915A.

## II. **Legal Standards**

### A. **IFP Status**

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

The Second Circuit affords pro se litigants a "special solicitude" such "that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted); *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (noting that when a plaintiff proceeds pro se, "the court must construe his

---

dismissal pursuant to Federal Rule of Civil Procedure Rule 8, and a ruling on this recommendation is pending).

[3] Although the IFP form asked plaintiff to put his gross pay or wages per month, plaintiff wrote his gross yearly wages and monthly take-home pay. *See* Dkt. No. 2 at 1.

[4] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

submissions liberally and interpret them to raise the strongest arguments that they suggest.") (internal quotation marks and citation omitted).

The Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"If dismissal is warranted and the plaintiff is pro se, the court generally affords the plaintiff leave to amend the complaint." *Rich v. Akwesasne Mohawk Casino Resort*, No. 8:24-CV-255 (AMN/CFH), 2024 WL 3677262, at *2 (N.D.N.Y. Aug. 6, 2024), *report and recommendation adopted,* No. 8:24-CV-255 (AMN/PJE), 2025 WL 286937 (N.D.N.Y. Jan. 24, 2025) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995)). "However, an opportunity to amend is not required where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Akwesasne Mohawk Casino Resort*, 2024 WL 3677262, at *2 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil

Procedure."[5] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[6] Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

## III. **Discussion**

### A. **Plaintiff's Complaint**

Plaintiff's complaint arises out of a dispute he has with the Social Security Administration ("SSA") and Ms. Hessler, who appears to be employed by the SSA. *See* Dkt. No. 1 at 1 ("Compl."). Generally, plaintiff claims that he tried to get his social security benefits rate adjusted. Compl. at 2.[7] Plaintiff attached his 2024 and 2025

---

[5] Hereinafter, "Fed. R. Civ. P." or "Rule."

[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

[7] Plaintiff specifically states, "I tried to get my rates changed from what they were in 2024 +33,420.70 + my 22,039.6 its all screwed up in the math." Compl. at 2.

Social Security Benefit Statements to the complaint. *See* Dkt. No. 1-1 at 1-2. Reading those attached files in conjunction with the complaint, it appears that plaintiff believes that he was entitled to multiple benefit payments in the amount of $22,039.60 and $33,420.70.[8] *See id.*; Compl. at 2. Further, plaintiff alleges that he “[a]sked Ms. Hessler OS to look at my 2025 Bennifit [sic] Statement as it shows just 24,408 for an amount.” Compl. at 2. When plaintiff asked Ms. Hessler to adjust his 2025 benefits, “she refused.” *Id.* Plaintiff does not specify the time, date, or location of this encounter. Plaintiff’s first cause of action states “make my benifits [sic] correct as of 2024. I should have $55,460.30 for a benefit as described in my Award letter.” *Id.* at 3. Plaintiff’s second cause of action requests that the court “[f]ire Ms. Hessler for lack of cooperation and neglect of her duties at the Social Security Administration.” *Id.* Lastly, in his prayer for relief, plaintiff requests the “return of [his] funds in 2024 benifits [sic] letter.” *Id.* at 4.

The attached 2024 Social Security Benefit Statement shows that the benefits the SSA paid to plaintiff in 2024 were $33,470.70, the benefits repaid to SSA in the same year were $9,614.50, and plaintiff’s net benefits were $23,806.20. *See* Dkt. No. 1-1 at 1. The attached 2025 Social Security Benefit Statement shows that the benefits the SSA paid to plaintiff in 2025 were $24,408.00, the benefits repaid to the SSA were none, and the net benefits that plaintiff received in 2025 were $24,408.00. *Id.* at 2.[9]

---

[8] In his first cause of action, plaintiff seeks to have his benefits corrected to the amount of “$55,460.30,” which is the sum of the values indicated above. *See* Compl. at 3.

[9] Although plaintiff identifies the nature of the suit in numerous areas of law in his civil cover sheet, it is unclear to the undersigned what the applicability of these is to this case based on the rather sparse nature of the complaint. *See* Dkt. No. 1-2 at 1 (noting as “nature of the suit” the following categories: other contract; other fraud; Racketeer Influenced and Corrupt Organizations; Land Condemnation; and Americans with Disabilities).

## B. **Analysis**

It is unclear the statute pursuant to which plaintiff seeks to bring his claim. However, "[the] policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Triestman*, 470 F.3d at 475 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Thus, the undersigned is obliged to interpret plaintiff's complaint to raise the "strongest arguments that [it] suggest[s]." *Triestman*, 470 F.3d at 477 (citation omitted).

Whether plaintiff seeks correction of his benefits or monetary damages for the administration's alleged neglect of his complaints, the deficiencies in plaintiff's action can be summarized in this single paragraph. The Social Security Act establishes an administrative review process through which claimants may challenge determinations concerning their entitlement to benefits. *See* 20 C.F. R. § 416.1400. 42 U.S.C. § 405(h) generally precludes claimants from circumventing that process by invoking federal-question jurisdiction to pursue claims arising under the Social Security Act. *Weinberger v. Salfi*, 422 U.S. 749, 756-64 (1975). Accordingly, where a plaintiff's claims are intertwined with a claim for Social Security benefits, judicial review generally must proceed pursuant to § 405(g), subject to the applicable administrative exhaustion requirements. *Heckler v. Ringer*, 466 U.S. 602, 614-18 (1984). Additionally, since the SSA is a federal agency, sovereign immunity bars plaintiff's suit against the entity. *Joseph v. Soc. Sec. Admin.*, No. CV163377(JFB)(GRB), 2017 WL 1067804, at *3 (E.D.N.Y. Feb. 28, 2017), *report and recommendation adopted sub nom. Joseph v. Soc.*

*Sec. Off.*, No. 16CV3377 (JFB/GRB), 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017). As to plaintiff's claims against Ms. Hessler, the Supreme Court of the United States has precluded a *Bivens* damages remedy against federal officials for constitutional violations arising from the wrongful denial or termination of Social Security benefits and courts in this Circuit have held that the Federal Tort Claims Act does not apply to a denial or termination of Social Security Benefits. *See Schweiker v. Chilicky*, 487 U.S. 412, 429 (1988); *Langella v. Bush*, 306 F. Supp. 459, 464 (S.D.N.Y. 2004) (quoting *Langella v. Gov. of U.S.*, 6 F. App'x 116, 117 (2d Cir. 2001) (summary order)). As expanded upon further below, plaintiff may not proceed against the SSA or Ms. Hessler in this action, and he has not demonstrated compliance with the Commissioner's administrative exhaustion requirements. As such, the undersigned recommends that plaintiff's claims against the SSA and Ms. Hessler be dismissed with prejudice and without leave to amend, but that he be granted leave to amend as to any potential claims arising out of 42 U.S.C. § 405(g). The undersigned continues to address these deficiencies in greater detail below.

### 1. Suit Against the SSA[10]

To the extent plaintiff seeks to proceed against the SSA, a federal agency, the undersigned interprets plaintiff's complaint to seek damages for its alleged incorrect payments to plaintiff and alternatively judicial review of a decision of the Social Security administration.

---

[10] To the extent that plaintiff seeks to proceed against Ms. Hessler in her official capacity, such a suit is the same as a suit against the SSA itself, and thus, this section applies equally to both scenarios. *See Kentucky v. Graham*, 473 U.S. 159, (1985) ("Personal-capacity suits seek to impose personal liability upon a government officer for actions he takes under color of state [or federal] law . . . [whereas] [o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.") (internal quotations and citation omitted).

a. **Sovereign Immunity**

To the extent plaintiff seeks monetary damages in his claim against the SSA, that claim is barred under the doctrine of sovereign immunity.

"It is well settled law that as sovereign, the United States 'is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Joseph*, 2017 WL 1067804, at *3 (E.D.N.Y. Feb. 28, 2017) (alteration in original) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived." *Joseph*, 2017 WL 1067804, at *3 (quoting *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994)). The United States government has not waived sovereign immunity as to claims seeking monetary damages from the SSA. *See* *Joseph*, 2017 WL 1067804, at *3.

Here, plaintiff named the SSA as a defendant in the action. *See* Dkt. No. 1 at 1. Because an action against this federal agency is akin to an action against the federal government, and the United States has not waived sovereign immunity in the class of claims plaintiff seeks to bring, plaintiff may not proceed against defendant SSA. Therefore, to the extent plaintiff seeks monetary damages from the SSA, the undersigned recommends such a claim be denied with prejudice on sovereign immunity grounds.

b. **42 U.S.C. § 405(g)**

i. **Failure to Exhaust**

Having determined that plaintiff cannot seek damages directly against the SSA, a liberal construction of plaintiff's complaint also suggests plaintiff is seeking judicial review of the SSA's calculation of his benefits or determination not to correct his benefit payment amount. *See* Dkt. No. 1 at 2. However, for the reasons outlined below, plaintiff has neither pleaded sufficient information nor named the proper defendant to proceed in this manner.

In *Jones v. Comm'r of Soc. Sec.*, the pro se plaintiff filed a complaint against the Commissioner of Social Security alleging that he had not been paid the proper amount in social security benefits. No. 6:23-CV-06265 (EAW), 2024 U.S. Dist. LEXIS 21756, at *1 (W.D.N.Y. Feb. 7, 2024). Reviewing this claim in response to a motion to dismiss, the court considered the applicability of 42 U.S.C. § 405(g). Under that provision, the undersigned "may review only a 'final decision' of the Commissioner related to the payment of Social Security benefits." *Id.* at *7. The court additionally noted that "[t]he requirement of a 'final decision' has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." *Id.* (quoting *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011) (summary order)). "District courts within the Second Circuit . . . routinely have required plaintiffs to exhaust their administrative remedies before seeking judicial review of Social Security determinations." *Jones*, U.S. Dist. LEXIS 21756, at *7 (alteration in original) (citation omitted).

Here, "[t]he record before the [undersigned] demonstrates that Plaintiff did not exhaust his administrative remedies." *Jones*, U.S. Dist. LEXIS 21756, at *7. "For a decision to be 'final' for the purposes of Section 405(g), a claimant must exhaust a four-step administrative review process: (1) an initial determination . . . ; (2) reconsideration, if the claimant wishes to contest the initial determination; (3) a hearing before an ALJ; and (4) Appeals Council review, if the claimant wishes to contest the ALJ's decision." *Grant v. Colvin*, No. 14-CV-7761 (JPO), 2016 WL 1092685, at *3 (S.D.N.Y. Mar. 21, 2016) (citation omitted). Thus, under the Commissioner's regulations, specifically 20 C.F.R. § 404.902(c), (j), "initial determinations include . . . the amount of your benefit [and] [a]ny overpayment or underpayment of your benefits." 20 C.F.R. § 404.902(c), (j). Plaintiff's complaint and the information appended to it make clear that he received an initial determination within the meaning of the regulations that was subject to reconsideration. *See Grant*, 2016 WL 1092685, at *3. Thus, the appropriate next step for plaintiff would have been to seek reconsideration under the regulations using Form SSA-561. *See* 20 C.F.R. § 404.907. Nothing in plaintiff's complaint indicates that he took any action to challenge the alleged underpayment or miscalculation of his benefits aside from complaining to Ms. Hessler, which is insufficient under the administrative procedures set out above. Therefore, to the extent plaintiff seeks judicial review of the underpayment or miscalculation of his benefit award, such a determination is non-final because plaintiff has not exhausted his administrative remedies. *See Jones*, U.S. Dist. LEXIS 21756, at *7. Thus, this Court may not review plaintiff's benefit determination. *See Jones*, U.S. Dist. LEXIS 21756, at *7.

ii. **Additional Considerations under § 405(g)**

Further, based on the documents attached to the complaint, the undersigned believes plaintiff may be misinterpreting the meaning of his 2024 Social Security Benefit statement.[11] Although the total of the "Box 3" value and the "Box 5" value is the $55,460.30 to which plaintiff asserts he is entitled to, it appears that plaintiff misunderstands the role of these numbers. *See* Dkt. No. 1-1 at 1. It appears to the undersigned that plaintiff was only entitled to $33,420.70 in 2024, which was reduced by repayments to the SSA in the amount of $9,614.50, entitling plaintiff to only $23,806.20 in 2024. *Id.* But, however frivolous the undersigned may believe amendment on these grounds may be, he is cognizant that this is merely his own interpretation of the complaint and the documents attached thereto. Additionally, mindful of the special solicitude to be afforded to plaintiff, as discussed in section IV *infra*, there is a chance, albeit slight, that plaintiff could amend to clarify any misunderstanding the undersigned may have with regard to his benefit entitlement.

iii. **SSA is not a Proper Defendant**

In addition to the sovereign immunity issues addressed *supra* in section III.B.1.a, even assuming plaintiff had sufficiently alleged exhaustion of administrative remedies, the SSA is not a proper defendant in an action seeking judicial review of the Commissioner's determination. 20 C.F.R. § 422.210(d), entitled "Proper defendant," provides, "Where any civil action described in paragraph (a)[12] of this section is

[11] As noted *supra*, Plaintiff specifically states in his complaint, "I tried to get my rates changed from what they were in 2024 +33,420.70 + my 22,039.6 its all screwed up in the math." Am. Compl. at 2.
[12] Paragraph (a) states, "A claimant may obtain judicial review of a decision by an administrative law judge or administrative appeals judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner." 20 C.F.R. § 422.210(a).

instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant." From that provision it is additionally clear that naming the SSA as the defendant is erroneous. *See id.* ("If the complaint is erroneously filed against the United States or against any agency, officer, or employee of the United States other than the Commissioner . . . .").

Here, plaintiff brought suit against the SSA and Ms. Hessler. *See* Dkt. No. 1 at 1. Because neither the SSA nor Ms. Hessler are the Commissioner of Social Security, plaintiff could not proceed under his current pleading even if he alleged proper exhaustion. Therefore, plaintiff is advised that, to the extent he seeks review of a final determination of the Commissioner of Social Security, he must name that individual as a defendant.

### 2. **Suit Against Ms. Hessler**

Plaintiff also seeks to proceed against Ms. Hessler, the person who allegedly refused to adjust his payment amount. *See* Dkt. No. 1 at 2. However, plaintiff has no right to sue Ms. Hessler for her role in not correcting his benefits calculations.

#### a. ***Bivens*** **Action**

In *Schweiker v. Chilicky*, the Supreme Court of the United States considered a claim brought against SSA employees in their individual capacity, implicating a *Bivens* action. 487 U.S. at 419. Framing the issue on appeal, the Court stated that the issue presented was "[w]hether a *Bivens* remedy should be implied for alleged due process violations in the denial of social security disability benefits." The Court noted that that "[Social Security] Act . . . makes no provision for remedies in money damages against officials responsible for unconstitutional conduct that leads to the wrongful denial of

benefits." *Id.* at 424. Ultimately, the Court declined to extend a *Bivens* remedy against SSA employees for wrongful conduct in carrying out their duties and held that "[b]ecause the relief sought by respondents is unavailable as a matter of law, the case must be dismissed." *Id.* at 429.

Another court in this Circuit, considering a claim for damages against the Commissioner of Social Security, held that "Plaintiff's individual claims against the Commissioner are similarly 'barred because the Supreme Court has held that social security claimants may not bring *Bivens* actions alleging violations of their constitutional rights." *Hatcher v. Saul*, No. 18-CV-2282 (JS)(ST), 2021 WL 1207315, at *4 (E.D.N.Y. Mar. 31, 2021) (quoting *Sereika v. Patel*, 411 F. Supp. 2d 397, 402 (S.D.N.Y. 2006).

Thus, to the extent plaintiff seeks monetary damages from defendant Hessler for a denial of his constitutional rights under *Bivens*, plaintiff is foreclosed from doing so.

b. **FTCA**

Out of special solicitude and an abundance of caution, to the extent plaintiff asserts a separate cause of action for money damages against defendant Hessler "'for injury . . . caused by the negligent or wrongful act or omission' of a federal employee, his claims are governed by the Federal Tort Claims Act" ("FTCA"). *Sereika*, 411 F. Supp. 2d at 409 (citing 28 U.S.C. §§ 1346(b), 2671-2680); *see also* Compl. at 3 (charging defendant Hessler with "neglect of her duties at the social security administration."). However, since 42 U.S.C. § 405(h) provides that "no action shall be brought against the United States, the Commissioner of Social Security, or any officer or employee thereof . . . to recover on any claim arising under this title," 42 U.S.C. § 405(h), plaintiff "cannot bring his claims under the Federal Tort Claims Act because

negligent mishandling of social security benefits is not cognizable under [the FTCA].” *Langella v. Bush*, 306 F. Supp. 459, 464 (S.D.N.Y. 2004) (quoting *Langella v. Gov. of U.S.*, 6 F. App’x 116, 117 (2d Cir. 2001) (summary order)).

Therefore, plaintiff cannot proceed against defendant Hessler for any alleged negligence arising out of her duties at the social security administration or her failure to correct his benefits.

## IV. **Leave to Amend**

Generally, “[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.” *Romano v. Lisson*, 711 F. App’x 17, 19 (2d Cir. 2017) (summary order) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted)). “However, if the problems with a complaint are ‘substantive’ rather than the result of an ‘inadequately or inartfully pleaded’ complaint, an opportunity to re-plead would be ‘futile’ and ‘should be denied.’” *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

The problems with plaintiff’s claims brought against the SSA are substantive because plaintiff cannot proceed against the federal agency under the doctrine of sovereign immunity. *See Edwards*, 388 F. Supp. 3d at 135. Additionally, the problems with plaintiff’s claims brought against defendant Hessler are substantive because no federal statute provides a cause of action against her for her participation in the alleged mishandling of plaintiff’s complaints. Conversely, mindful of the special solicitude to be afforded to pro se plaintiffs, to the extent plaintiff seeks to proceed under 42 U.S.C. § 405(g), the deficiencies identified above may potentially be cured by a better pleading

that specifies exhaustion of administrative remedies, makes clear the error alleged to have been committed in the benefit calculation, and names only the Commissioner of Social Security. Accordingly, it is recommended that, insofar as plaintiff may seek to proceed against defendant Social Security Administration and defendant Hessler, such claims be dismissed with prejudice and without leave to amend for failure to state a claim upon which relief can be granted, and insofar as plaintiff seeks to proceed under 42 U.S.C. § 405(g), such claims be dismissed without prejudice and with leave to amend.[13]

## VI. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's claims brought against the Social Security Administration and defendant Hessler be **DISMISSED with prejudice and without leave to amend**; and it is further

**RECOMMENDED**, that the remainder of the complaint (Dkt. No. 1) be **DISMISSED without prejudice and with leave to amend**; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be given thirty days from the filing date of the District Judge's Order

---

[13] In the event the District Judge adopts the undersigned's Report-Recommendation & Order and plaintiff is permitted to file an amended complaint, plaintiff is advised that any amended pleading cannot incorporate a prior pleading by reference and may not attempt to replead claims that have already been dismissed by this Court with prejudice. Any amended pleading supersedes and replaces a prior pleading in its entirety, and, therefore, must contain all facts and claims on which plaintiff seeks to proceed. An amended pleading must establish this Court's jurisdiction and state a claim for relief against each named defendant for whom leave to replead was granted according to Rules 8 and 10 of the Federal Rules of Civil Procedure.

adopting this Report-Recommendation and Order to file an amended complaint, and if the plaintiff does not so file pursuant to that Decision & Order, the action may be closed without need for further order of the Court, and if plaintiff does so file, the amended complaint be noticed for substantive sufficiency review pursuant to 28 U.S.C. § 1915(e)(2)(B);

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.[14]

Dated: November 6, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

[14] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).